**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**May 29, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

ROBERT V. WONSCH,

    Petitioner - Appellant,

v.

STEVEN HARPE, Director of the
Oklahoma Department of Corrections,[*]

    Respondent - Appellee.

No. 23-6171
(D.C. No. 5:21-CV-00826-PRW)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[**]
_____

Before **TYMKOVICH**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

Robert V. Wonsch, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal from the district court's order granting

Respondent Steven Harpe's[1] motion to dismiss for failure to exhaust state remedies and

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Scott Crow is replaced by Steven Harpe as the Director of the Oklahoma Department of Corrections.

[**] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Scott Crow was the Director of the Oklahoma Department of Corrections when the motion to dismiss was filed, but he has since retired.

dismissing Mr. Wonsch's 28 U.S.C. § 2254 amended habeas petition. For the following reasons, we deny a COA and dismiss this matter.

I.      Background

An Oklahoma jury convicted Mr. Wonsch of five counts of sexual battery, one count of attempted procuring of lewd exhibition of a person, one count of kidnapping, one count of forcible sodomy, one count of engaging in a pattern of criminal offenses and two counts of engaging in lewdness. The trial court sentenced him to a total term of imprisonment of seventy years after determining that the sentences for each count should run consecutively. Mr. Wonsch filed a direct appeal raising eight propositions of error. The Oklahoma Court of Criminal Appeals affirmed the judgment and sentence. Mr. Wonsch then filed a § 2254 habeas petition in federal court, raising twenty-three claims.

After Mr. Wonsch filed his habeas petition, Respondent filed two motions to dismiss on the same day. The first sought dismissal of the habeas petition as untimely and the second, in the alternative, sought dismissal for failure to exhaust state remedies. Mr. Wonsch responded to the motion to dismiss based on untimeliness, but not the motion to dismiss based on failure to exhaust. The district court dismissed the habeas petition as untimely and denied as moot the motion to dismiss on exhaustion. This court then granted a COA, vacated the district court's dismissal order, and remanded to the district court for further proceedings.

After remand, Mr. Wonsch filed a motion in which he acknowledged he had "inadvertently filed a mixed petition and in doing so accidently failed to meet the

2

exhaustion of state remedies for a few of the propositions within his Habeas Corpus." R., vol. I at 389 (emphasis omitted). He asked the district court to stay and hold the proceedings in abeyance so he could exhaust his state remedies.

In response, Respondent argued Mr. Wonsch had not shown good cause for his failure to exhaust state remedies, noting it had been over a year since the filing of the motion to dismiss for failure to exhaust state remedies, which had "put[] [Mr. Wonsch] on clear notice that his petition was mixed—and yet he ha[d] not attempted to return to state court or . . . sought a stay from [the district court]." Suppl. R. at 607. Respondent asserted the court should revisit the earlier-filed motion to dismiss for failure to exhaust state remedies, and grant that motion, but offer Mr. Wonsch an opportunity to file an amended habeas petition containing only exhausted claims.

Mr. Wonsch filed an objection to the Respondent's opposition to his motion for stay. In it, he asserted that a 20-page-limit requirement in state court "stymied his ability to exhaust the state remedies." *Id.* at 652.

The district court determined Mr. Wonsch's habeas petition was timely because of a Supreme Court order that had temporarily extended the filing time for petitions for certiorari during the COVID-19 pandemic. But the court found he had not shown good cause for his failure to exhaust state remedies. Among its reasons for this finding, the court observed "there is no indication that [Mr. Wonsch] sought leave to exceed the [20-] page limitation." R., vol. I at 400. The court further noted that "state court local rules commonly provide page limits" and so "[i]f the stay and abeyance procedure is to be available only in limited circumstances, good cause cannot exist when a petitioner's

3

post-conviction application is constrained by these rules." *Id.* (internal quotation marks omitted).

The district court then gave Mr. Wonsch the opportunity to file an amended habeas petition with only exhausted claims. But the court also warned him that if he filed another mixed habeas petition, the court would grant Respondent's motion to dismiss for failure to exhaust state remedies.

Mr. Wonsch filed an amended habeas petition, but it was still a mixed petition, containing both exhausted and unexhausted claims. Consistent with the statement made in its earlier order, the court granted Respondent's motion to dismiss for failure to exhaust state remedies and dismissed the amended habeas petition without prejudice.

Mr. Wonsch now seeks a COA to appeal from the district court's dismissal of his habeas petition.

II.     Discussion

To appeal the district court's decision, Mr. Wonsch must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, Mr. Wonsch must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id.* at 485. For the

4

reasons discussed below, we conclude Mr. Wonsch has not shown reasonable jurists could debate the district court's procedural ruling.

The Supreme Court has held that "federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). When faced with a mixed petition, a district court must dismiss it "without prejudice and allow[] [the] petitione[r] to return to state court to present the unexhausted claims to that court in the first instance." *Id.* at 274. Because of potential issues with statutes of limitations, district courts are permitted "in limited circumstances" to grant a stay of the federal proceedings and hold them in abeyance to permit a petitioner to return to state court to exhaust all his claims. *Id.* at 277. But "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

In his COA application, Mr. Wonsch ignores the district court's order denying his motion to stay and its instruction to file an amended habeas petition with only exhausted claims. He focuses instead on presenting reasons why he could not have exhausted—or should not have needed to exhaust—his state remedies. He argues the district court erred in dismissing his petition because (1) he has a claim of actual innocence that excuses his failure to exhaust state remedies, (2) the district court was required to adjudicate the merits of his claims of ineffective assistance of counsel because those claims cannot be procedurally barred if timely filed, and (3) there were other impediments that stymied his ability to properly file for post-conviction relief in Oklahoma. But he never presented

5

these arguments in response to Respondent's motion to dismiss for failure to exhaust state remedies because he did not file a response to that motion.

After remand, Mr. Wonsch filed a motion to stay the federal habeas proceedings, acknowledging he had "failed to meet the exhaustion of state remedies." R., vol. I at 389. When Respondent asserted in response that Mr. Wonsch failed to show good cause for not exhausting his state remedies earlier, Mr. Wonsch argued only that a 20-page limit in state court "stymied" his ability to exhaust, Suppl. R. at 652.

The district court concluded Mr. Wonsch had failed to show good cause for not exhausting his state remedies and denied his request for a stay. Mr. Wonsch does not challenge that ruling here. Having denied a stay, the district court explained it would give Mr. Wonsch an opportunity to file an amended habeas petition, but the court further explained it would grant Respondent's motion to dismiss for failure to exhaust and dismiss any amended habeas petition that contained unexhausted claims. Mr. Wonsch did not seek leave to file a late response to the motion to dismiss or otherwise object to this procedure. He simply filed an amended habeas petition including unexhausted claims, effectively ignoring the district court's ruling.

Mr. Wonsch does not dispute that he filed a mixed habeas petition containing unexhausted claims. Respondent filed a motion to dismiss for failure to exhaust state remedies, and Mr. Wonsch never responded to that motion, so it was unopposed. The district court granted the unopposed motion to dismiss. A federal district court may not adjudicate a mixed habeas petition, but instead must dismiss it. *Rhines*, 544 U.S.

6

at 273-274.  That is what the district court did here.  Reasonable jurists could therefore not debate the district court's procedural ruling.

Accordingly, we deny Mr. Wonsch's request for a COA and dismiss this matter.

Entered for the Court

Per Curiam